**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4986**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TIMOTHY LEON MACK,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:12-cr-00042-CCE-1)

Submitted: May 15, 2013              Decided: May 22, 2013

Before MOTZ and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen III, Federal Public Defender, William S. Trivette, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Ripley Rand, United States Attorney, Stephen T. Inman, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy Leon Mack pled guilty to being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1) (2006). The district court sentenced Mack to ninety-six months' imprisonment, twenty-four months of which run concurrently with an unrelated state sentence. On appeal, Mack argues that the district court abused its discretion by imposing a partially concurrent sentence rather than a wholly concurrent sentence. For the following reasons, we affirm.

We review a sentence for reasonableness, applying a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Diosdado-Star, 630 F.3d 359, 363, 366 (4th Cir. 2011). We first review for significant procedural errors, including whether the district court failed to consider the statutory factors of 18 U.S.C. § 3553(a) (2006). Gall, 552 U.S. at 51. If we find a sentence procedurally reasonable, we then consider substantive reasonableness, applying a totality of the circumstances test. Id. Finally, where, as here, the sentence is within the Guidelines range, the court may apply a presumption of reasonableness. Id.; see United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

Mack contends that his sentence is unreasonable because the district court did not favorably weigh the factors

2

set forth in the commentary to U.S. Sentencing Guidelines Manual § 5G1.3(c) (2011), for imposing a sentence on a defendant already subject to an undischarged term of imprisonment. The central issue at Mack's sentencing hearing was whether to impose a consecutive sentence; the issue was fully presented and argued. The district court explained that the sentence reflected the nature and circumstances of the offense, the seriousness of the offense, Mack's lengthy criminal history, and the need to protect the public from further crimes. The court also stated that it had taken into account the fact that the conduct in the instant case took place while Mack was on pretrial release for the state offense. We discern no infirmity in this reasoning. Therefore, we conclude that Mack's sentence is both procedurally and substantively reasonable and that the district court did not abuse its discretion.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED